IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SYLVIA DIAZ-NEGRON

Plaintiff

vs

CIVIL 07-1919CCC

WAL-MART PUERTO RICO, INC.
d/b/a SAM'S CLUB;
JANE DOE;
ABC INSURANCE

Defendants

## OPINION AND ORDER

The diversity action now before us arises from a fall suffered by plaintiff Sylvia Díaz-Negrón in defendant Wal-Mart Puerto Rico, Inc. (Sam's), doing business as Sam's Club on September 8, 2001. It is alleged that plaintiff suffered injuries when a store employee hit her with a finger lift, causing the fall. Now before the Court is Sam's Motion for Summary Judgment filed December 12, 2008 **(docket entry 15)** which plaintiff opposed (docket entry 19) and to which defendant replied (docket entry 24).

The various descriptions of the event are somewhat difficult to visualize. The parties differ on their theory of how the accident occurred. That the incident took place, however, is undisputed. The focus of Sam's summary judgment motion is their contention that there is no causal connection between the fall and alleged permanent damages. The evidence on this point consists of each parties' expert witness.

After examining the plaintiff and the medical records and test results provided to him, defendant's expert witness, orthopedic surgeon Dr. José López-Reymundi reached a diagnoses of "trauma to the hands and knees" and, as to causation, stated, "Based on the available information with a reasonable degree of medical certainty there is a causal relation of the above diagnosis and the September 8, 2001 incident." Report of Dr. López-Reymundi,

CIVIL 07-1919CCC                                           2

docket entry 16-4, page 7.  He then went on to state, however, that "Mrs. Sylvia Díaz-Negrón has no casually related impairment to the September 8, 2001 incident." Id., at page 8.

Plaintiff's expert, Dr. Néstor Cardona-Cancio, described the accident as related to him by Díaz-Negrón.  In his report of January 24, 2008 he sets forth his opinion on the parameters of plaintiff's physical impairments of a musculo-skeletal and neurological nature and concluded that "Mrs. Sylvia Díaz has 28% whole person impairment."  Dr. Cardona's Report, Docket entry 16-3, at page 6.  Dr. Cardona's report, however, contained no statement of causation linking the impairments to the incident at Sam's.

When questioned at his October 31, 2008 deposition about his failure to address causation in his report, he stated,

> It is my belief that this lady is telling the truth.  But, there's that "what if", because she didn't receive prompt medical attention[1], that this developed later.  <u>I can't categorically tell you this is related or not. I think it is.</u>  But, I can't go a hundred percent (100%) because I don't have the evidence.  Basically, it's do you believe her or not. If I had evidence of prompt medical treatment and continued medical treatment, then, you know, without a doubt.

Dr. Cardona's deposition transcript, docket entry 18-2, page 47.  (Our emphasis.)

As can be noted by Dr. Cardona's comment above, the degree of his certainty of a causal relationship between the fall and Díaz-Negrón's impairments is tempered only by plaintiff's delay in seeking medical attention.  Moreover, Dr. Cardona's opinion is not the only evidence relevant to causation.  There is evidence in the medical reports and plaintiff's deposition testimony that she suffered no other accidents before or after the fall at Sam's, and she relates her post-trauma pain and physical limitations that occurred after that event. It is for the jury to weigh the testimony of witnesses and all other evidence in order to draw

---

[1] Dr. Cardona January 24, 2008 report states, at page 1, ¶ 3, "Following the accident no acute care was provided and Mrs. Díaz self medicated herself at her home and was informally treated with oral medications by two physicians that were married to two of her cousins."

CIVIL 07-1919CCC                                      3

its inferences and conclusions in determining the facts of this case. See, Ferrara & DiMercurio, Inc. v. St. Paul Mercury Ins. Co., 169 F.3d. 43, 55 (1st Cir. 1999).

Accordingly, the Court finds that there are material issues of fact regarding the manner in which the accident occurred and causation of plaintiff's impairments, that preclude summary judgment in this case. Defendant's Motion for Summary Judgment **(docket entry 15)** is therefore DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on March 27, 2009.

                                        S/CARMEN CONSUELO CEREZO
                                         United States District Judge